IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JORGE NEWBERY** <br> 540 S Summit St <br> Barrington, IL 60010, | \* <br> \* | CASE NO. |
| **PLAINTIFF**, | \* | |
| -vs- | \* | |
| **CITY OF CHICAGO, ILLINOIS** <br> City Hall Office <br> 121 North LaSalle S <br> Room 107 <br> Chicago, IL 60602, | \* <br> \* <br> \* | **COMPLAINT** <br> **(Jury Demand Endorsed Hereon)** |
| and | \* | |
| **SUSANA A. MENDOZA, in her Capacity as the Comptroller of the STATE OF ILLINOIS** <br> 325 West Adams Street <br> Springfield, Illinois 62704, | \* <br> \* <br> \* | |
| **DEFENDANTS.** | \* | |

Plaintiff, JORGE NEWBERY, ("Plaintiff"), for his Complaint against Defendants CITY OF CHICAGO, ILLINOIS (the "City") and the SUSANA A. MENDOZA, in her capacity as the Comptroller of the State of Illinois (the "Comptroller") states as follows:

### INTRODUCTION

1. Plaintiff brings this suit under 42 U.S.C. § 1983 to recover monies wrongfully withheld from his Illinois tax refund by the Comptroller and paid to the City. The seizure of the funds constitutes a taking under the Fifth and Fourteenth Amendments to the Constitution and under Article 1, Sec. 15 of the Illinois Constitution.

**PARTIES, JURISDICTION, AND VENUE**

2. Plaintiff is a citizen of the state of Illinois and resides at the address set forth in the case caption.

3. The City is a body politic and corporate organized pursuant to, and possessed of such powers, rights, and privileges as are granted by the general law of the State of Illinois.

4. The Comptroller is a natural person and citizen of the state of Illinois.

5. This action arises under, *inter alia*, 28 U.S.C. § 1983, the 5th and 14th Amendments to the United States Constitution, and Article 1, § 15 of the Illinois Constitution and therefore this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

6. Venue is proper in this District, pursuant to 28 U.S.C. § 1391. Defendants are residents of this District, and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

**FACTS**

7. In 2015, the City of Chicago sought and obtained against Plaintiff an administrative judgment for housing code violations related to a property owned by Plaintiff's employer. A copy of the 2015 judgment is attached as Exhibit A.

8. Plaintiff, however, did not learn of the judgment until 2021. When he did, he immediately sought to vacate the judgment for lack of service, and on July 1, 2021, an administrative law judge made an express finding that Plaintiff was not liable for any of the alleged violations and owed nothing for those violations. The judgment also dismissed Plaintiff from the case. A copy of the 2021 judgment is attached as Exhibit B.

9. Notwithstanding the July 1, 2021, judgment, the City of Chicago nonetheless asked the Comptroller of the State of Illinois to withhold the original judgment amount–$1,220.57–from Plaintiff's state income tax refund pursuant to 15 ILCS 405-10.05, et seq. The Comptroller subsequently notified Plaintiff of the intended withholding. A copy of the Notice of Withholding

is attached as Exhibit C. The Comptroller's notice also informed Plaintiff of a $20.00 administrative fee imposed by the Comptroller.

10. Realizing that the Comptroller was acting under the mistaken belief that the original 2015 administrative judgment against him was still valid, Plaintiff filed online a statutory protest with the Comptroller and presented the July 2021 administrative judgment that vacated the 2015 judgment. A copy of the Comptroller's acknowledgement of receipt of Plaintiff's protest is attached as Exhibit D.

11. In March 2022, the Comptroller rejected Plaintiff's protest and found the City of Chicago was entitled to the money. A copy of the Comptroller's March 16, 2022 decision rejecting Plaintiff's protest is attached as Exhibit E.

12. The Comptroller subsequently, paid Plaintiff his tax refund, less the amount of the 2015 judgment–$1,220.57– and the $20.00 administrative fee.

## COUNT I
## 42 U.S.C. § 1983 – Both Defendants

13. By requesting the Comptroller to deduct the 2015 judgment amount from monies rightfully payable to Plaintiff, the City interfered with Plaintiff's property right.

14. At the time it made the request to the Comptroller to withhold the funds, the City was not legally entitled them because of the 2021 judgment.

15. The Comptroller wrongfully, and without legal justification, withheld the monies from Plaintiff.

16. The Comptroller's withholding of the monies from Plaintiff and City's receipt and retention of the withheld money deprived Plaintiff of a vested property right without legal authority.

17. The withholding of the monies by the Comptroller and the retention of the monies by the City constitute a taking under the Fifth Amendment, as applied to the states by the Fourteenth Amendment.

18. As a result, Plaintiff is entitled to just compensation for the property interest wrongfully taken from him.

## COUNT II
### Illinois Constitution, Art. I, Sec. 15 – Both Defendants

19. Plaintiff restates the allegations contained in paragraphs 1 through 17 above as if fully rewritten herein.

20. Art. I, sec. 15 of the Illinois Constitution prohibits private property for public use from being taken without payment of just compensation.

21. The withholding of the monies by the Comptroller and the retention of the monies by the City constitute a taking under the Illinois Constitution.

22. As a result, Plaintiff is entitled to just compensation for the property interest wrongfully taken from him.

## COUNT III
### Unjust Enrichment – The City

23. Plaintiff restates the allegations contained in paragraphs 1 through 22 above as if fully rewritten herein.

24. The City has unjustly retained the benefit of the monies wrongfully withheld by the Comptroller to Plaintiff's detriment.

25. The City's retention of the monies violates the fundamental principles of justice, equity, and good conscience.

26. Because of its wrongful retention of Plaintiff's money, the City has been unjustly enriched, and Plaintiff is entitled to disgorgement of the funds.

WHEREFORE, Plaintiff requests this Court to grant it judgment against Defendants as follows:

1) For damages in the amount of $1,240.57;

2) Interest on the amount awarded from March 16, 2022;

3) Plaintiff's attorneys' fees and costs as permitted by law; and

4) Such other and further relief as may be available either at law or in equity.

    Respectfully, submitted,

    */s/ Adam P. Stone*
    Adam P. Stone (IL 6329346)
    Marc E. Dann (OH 0039425)
    ADVOCATE ATTORNEYS LLP
    15000 Madison Avenue
    Lakewood, OH 44107
    *astone@advocateattorneys.com*
    *mdann@advocateattorneys.com*
    Phone || Fax (202) 935-6990

    *Attorney for Plaintiff*

## Jury Demand

Plaintiff demands a trial by jury on all issues presented in this matter.

    */s/ Adam P. Stone*